UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

WOODROW FLEMMING,                         :

                    Petitioner,           :
                                               06 Civ. 15226 (LAP)(HBP)
        -against-                         :
                                               REPORT AND
STATE OF NEW YORK and                     :    RECOMMENDATION
SUPERINTENDENT R. WOODS,
                                          :

                    Respondents.          :
----------------------------------X

            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE LORETTA A. PRESKA, United States

District Judge,


I.   Introduction


            On August 10, 2009, I issued a Report and Recommenda-

tion (the "2009 Report and Recommendation")(Docket Item 24)

recommending that the District Court deny petitioner Woodrow

Flemming's pro se petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  The 2009 Report and Recommendation was

adopted in its entirety by the Honorable Richard J. Holwell,

United States District Judge, on April 1, 2010 (Docket Item 26).


            By notice of motion dated June 20, 2011 (Docket Item

31), petitioner, proceeding pro se, moves for an Order, pursuant

to Fed.R.Civ.P. 60(b)(2), 60(b)(6), 59(2), 37, 37(a), 37(b)(2),
and Title 28, United States Code Sections 1915(d) and (e),
vacating the judgment denying his petition for a writ of habeas
corpus and appointing pro bono counsel to assist him.

        For the reasons set forth below, I respectfully recom-
mend that all of petitioner's motions be denied.

II.  Facts

    A.   Petitioner's Conviction
         and Habeas Corpus Proceeding

        The facts underlying petitioner's conviction and post-
conviction proceedings are set forth at length in the 2009 Report
and Recommendation, familiarity with which is assumed.  I set
forth here only those facts material to the resolution of the
present application.

        In March 2002, petitioner was arrested and charged with
multiple crimes in connection with his participation in a scheme
to defraud charities that assisted individuals and businesses in
lower Manhattan that were adversely affected by the September 11,
2001 attack on the World Trade Center.  Petitioner was convicted,
upon his plea of guilty, of grand larceny in the second degree,
in violation of New York Penal Law Section 155.40(1); a judgment
of conviction was entered on September 15, 2003, by the Supreme

2

Court, New York County (Tejada, J.).  Pursuant to this conviction
and a plea agreement, petitioner was sentenced, as a second
felony offender, to an indeterminate term of imprisonment of six
to twelve years.

Petitioner, proceeding pro se, submitted his original
petition for a writ of habeas corpus on or about September 1,
2006, and an amended petition on or about February 7, 2007,
asserting over fifty purported claims for relief (Amended Peti-
tion Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, dated June
7, 2006 (Docket Item 3)("Pet.") at 4-11).

Petitioner asserted the following claims:

(1) there was no probable cause to arrest or search
petitioner in March 2002 (Pet. 7; Order, dated Dec. 8, 2008
(Docket Item 18)("Dec. Ord.") ¶ 31);

(2) petitioner was denied a speedy trial (Pet. 4, 10;
Dec. Ord. ¶¶ 1, 52, 58);

(3) there were impermissible gaps in the information
that the prosecution disclosed to petitioner in discovery,
including an absence of:  (a) police reports, memo books,
stationhouse reports, log books or "arresting officer
complaint[s]," (b) "sworn affidavit[s]," (c)
identification[s] of petitioner or mug shots, (d) "witness
statement[s]" or plea agreements of his co-defendants or

3

accomplices, (e) "ADA reports [or] file[s]," (f) exculpatory information or other evidence contemplated by Brady v. Maryland, 373 U.S. 83 (1963), (g) disclosures required by People v. Rosario, 9 N.Y.2d 286, 173 N.E.2d 881, 213 N.Y.S.2d 448 (1961), (h) notice of the prosecution's intent to offer into evidence statements made by petitioner to a "public servant" under New York Criminal Procedure Law Section 710.30, and (i) "VDF" or voluntary disclosure forms (Pet. 4, 6-8, 10, 11; Dec. Ord. ¶¶ 3, 6, 7, 25, 33, 34, 45, 54, 57, 58);

(4) the prosecutor improperly instructed the grand jury (Pet. 5; Dec. Ord. ¶ 16);

(5) petitioner's guilty plea was obtained in violation of his privilege against self-incrimination (Pet. 6; Dec. Ord. ¶ 28);

(6) petitioner was improperly denied a mental health examination (Pet. 8; Dec. Ord. ¶ 44);

(7) petitioner was not "inform[ed] of any surcharge nor any condition or upon being release [sic]" (Pet. 8; Dec. Ord. ¶ 41);

(8) a copy of the March 24, 2003 hearing transcript was not part of the trial record, and petitioner was improperly

denied his motion to enlarge the record on appeal (Pet. 9; Dec. Ord. ¶¶ 46-49);

(9) petitioner's trial counsel was ineffective (Pet. 6-10; Dec. Ord. ¶¶ 27, 43, 50, 57); petitioner's appellate counsel was ineffective (Pet. 9-10; Dec. Ord. ¶¶ 50-51, 57);

(11) petitioner's guilty plea was involuntarily induced (Pet. 7; Dec. Ord. ¶ 35);

(12) petitioner's guilty plea was not intelligent because (a) he was not informed of the elements of the crimes with which he was charged prior to taking the plea (Pet. 7; Dec. Ord. ¶ 37), (b) neither the prosecution nor the Trial Court informed him of the charges against him (Pet. 6; Dec. Ord. ¶ 27), and (c) his plea did not "spell out [the] crime" (Pet. 6; Dec. Ord. ¶ 23);

(13) petitioner improperly pled guilty to a charge for which he was not indicted because indictment 1337/02 was dismissed and the consolidation of petitioner's indictments was improper (Pet. 5; Dec. Ord. ¶¶ 10, 14, 15, 17);

(14) there was insufficient evidence to convict petitioner (Pet. 11; Dec. Ord. ¶ 58);[1]

(15) it was improper for the Trial Court to reject petitioner's motion to withdraw his plea without any factfinding (Pet. 4; Dec. Ord. ¶ 2);

(16) petitioner's sentence was enhanced without a valid predicate conviction (Pet. 8; Dec. Ord. ¶ 38, 40); and

(17) the Trial Court improperly conducted a hearing to determine whether petitioner was a second felony offender only after petitioner had already entered his guilty plea (Pet. 8; Dec. Ord. ¶ 39).

---

[1] Several of petitioner's other "claims" are really just variants of his claim of insufficient evidence. For example, petitioner claims that "arrest [number] M02016425 on police voucher 317103 is not his arrest [on] March 14, [2002]," that the arresting officer admitted that he made no reports of his arrest and investigation that "[p]apers and documents are missing out of the court file, not one trace to conviction [sic]" and that "Defendant arrest and statement March 4, 2002 is without proof or evidence deemed to suppress" (Pet. 5-6, 10; Dec. Ord. ¶¶ 14, 30, 32, 55).

Petitioner also made various unexplained and conclusory statements concerning putative violations of his rights.[2]  The remainder of his claims were unintelligible.[3]

---

[2] The following are examples of such statements:

Denied due process (Pet. 3, 11);

[D]ouble jeopardy (Pet. 4);

4th Amendment violation (Pet. 11);

[F]abricate[d] search warrant (Pet. 11); and

[D]efendant['s] conviction is illegal, wrongful[] and improper (Pet. 11).

[3] The following are petitioner's unintelligible claims:

2 counties in arrest complaint 3-4-02 (Pet. 4);

Defendant did not withdraw his pending Article 78 and speedy trial (Pet. 11);

Defendant did not waive defect jurisdiction complaint/indictment [sic] (Pet. 6);

There is [sic] 2 Grand Jury Second (1) 1337-2002 (1) [sic] 1792-2002 both [illegible] Grand Jury (Pet. 5); ADA denied defendant to suppress letter with wife['s] name on it[;] plea page 35 and 36 (Pet. 4);

There was no probable cause to arrest the defendant['s] wife Lola S[.]  Flemming for any wrong doing [sic] plea page 35 and 36 ADA and Lawyer violated (Pet. 7);

Defendant did not waive his constitutional right by his plea did forth fit rights [sic] [;] see plea (Pet. 5);

Defendant should have been given severance during trial from accomplice[;] both defendants dispute any role . . .  (Pet. 6);

(continued...)

In the 2009 Report and Recommendation, I found that all of petitioner's claims were either waived by his guilty plea,[4] unsupported because petitioner's allegations failed to allege facts necessary to state a claim,[5] meritless,[6] or vague, conclusory, or unintelligible.  Accordingly, I recommended that

_____

[3](...continued)
>      [N]o matching charges, no date or dates, no places no
>      time to prepare defense (Pet. 6);
>
>      Defendant was advis[ed] in Order 78 Index 401464/03 in
>      desire to raise speedy trial issue Dec. 2403.
>      Defendant was also told in writ to raise motion being
>      denied (Pet. 10);
>
>      The [P]eople made no objection during trial[;] is not
>      preserve[d] for review on appeals . . . (Pet. 10);
>
>      Violation of change of venue motion [illegible] . . .
>      (Pet. 4, 10); and
>
>      There was no broke down prosecutor [sic] misconduct
>      (Pet. 6).

[4] These are petitioner's claims of unlawful search and seizure, speedy trial violations, incomplete discovery disclosures, improper grand jury instructions, and violations of his privilege against self-incrimination.

[5] These are petitioner's claims concerning the Trial Court's failure to conduct a competency hearing, the Trial Court's failure to inform him of unspecified surcharges and conditions, the Appellate Division's failure to enlarge the record on appeal, and the ineffective assistance of his appellate counsel.

[6] These are petitioner's claims concerning the voluntariness of his plea, the intelligence of his plea, the ineffective assistance of his trial counsel, the dismissal of his indictment, the sufficiency of the evidence against him, the Trial Court's denial of his motion to withdraw his plea "without fact[-]finding," and the enhancement of his sentence.

the petition be dismissed in its entirety.  <u>Flemming v. New York</u>, 06 Civ. 15226 (RJH)(HBP), 2009 WL 6325520 at *7-*24 (S.D.N.Y. Aug. 10, 2009) (Report & Recommendation).  I also recommended that, because petitioner has not made a substantial showing of the denial of a constitutional right, that a certificate of appealability not be issued and that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from the Report and Recommendation would not be taken in good faith.  <u>See</u> <u>Flemming v. New York</u>, <u>supra</u>, 2009 WL 6325520 at *24.

  Petitioner filed objections to the 2009 Report and Recommendation, dated November 2, 2009 (Docket Item 25), arguing that (a) "someone is changing petitioner[']s Rap Sheet"; (b) petitioner was never informed of the conditions of supervision that would apply after his release from prison; (c) petitioner's predicate offense was dismissed; (d) petitioner's underlying indictments were dismissed on April 9, 2002; (e) "the April 9, 2002 transcripts will prove double jeopardy was raise[d]"; (f) "petitioner was never arrested under indictment 1337-2002 and never arrested under 1792-2002"; (g) "[indictment] 1337-2002 is 3rd degree," rather than second degree; (h) "[indictment] 1337-2002 was reduce[d] and dismiss[ed]"; (i) "the A.D.A. claim[ed] that she [consolidated] 1337-02 [with] 1300-2002 but 1300-2002 was dismiss[ed]"; and (j) "[indictment] 1792-02 was reduce[d]

[and] consolidated with 1337-2002 . . . and then 1792-02 [was]

dismiss[ed]."

On April 1, 2010, Judge Holwell adopted the 2009 Report

and Recommendation in its entirety, holding that:

> Because petitioner has made only general objec-
> tions that repeat his original arguments, the clear
> error standard applies.  Silva [v. Peninsula Hotel],
> 509 F. Supp. 2d [364, 366 (S.D.N.Y. 2007)].  The Court
> has carefully reviewed the exhaustive 66-page Report,
> in which Judge Pitman analyzed petitioner's claims
> thoroughly and correctly.  As no clear error appears on
> the face of the record, the Court hereby adopts the
> Report in its entirety.

Flemming v. New York, 06 Civ. 15226 (RJH)(HBP), 2010 WL 1328376

at *1 (S.D.N.Y. Apr. 1, 2010) (Holwell, D.J.) ("Apr. 1, 2010

Order").

Petitioner, proceeding pro se, moved in the United

States Court of Appeals for the Second Circuit "for a certificate

of appealability, for leave to proceed in forma pauperis, 'to

submit new evidence,' for [the Second Circuit] 'to accept and

review documents,' and for an extension of time"; the Second

Circuit dismissed petitioner's motions on February 11, 2011

because he had failed to make a "substantial showing of the

denial of a constitutional right" (Mandate, filed Feb. 14, 2011

(District Court Docket Item 30), quoting 28 U.S.C. § 2253(c)(2)).

B.   Petitioner's
     <u>Pending Motion</u>

On June 20, 2011, petitioner "filed"[7] the pending motion (<u>see</u> Notice of Motion, filed June 22, 2011 (Docket Item 31); Woodrow Flemming Petitioner Affirmation in Support of Motion Vacating Judgment Consolidation Relief Under FRCP 60(b)(2) 60(b)(6), 59(2), 37, 37(c), 37(b)(2), 28 [U.S.C.] 1915 (d,c), dated June 20, 2011 ("Pet. Aff.") (annexed to Notice of Motion)).

Petitioner seeks an Order:  (i) vacating the judgment of the District Court denying his petition for a writ of habeas corpus, pursuant to Fed.R.Civ.P. 60(b)(2), based on the discovery of new evidence, and Fed.R.Civ.P. 60(b)(6), based on a showing of extraordinary circumstances; (ii) reconsidering the District Court's Apr. 1, 2010 Order dismissing his habeas petition, pursuant to Fed.R.Civ.P. "59(2)" [<u>sic</u>], based on respondent's failure to produce petitioner's "[c]riminal [c]ourt transcripts" and respondent's purportedly erroneous assertion that petitioner failed to exhaust the denial of writ of error <u>coram nobis</u> pro-

_____

[7] Because petitioner is currently a prisoner in the custody of the New York State Depart of Corrections, his motion is deemed to have been filed when it was delivered to prison officials form mailing.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).  In the absence of evidence to the contrary, this date is usually assumed to be the date of the document.  <u>Hardy v. Conway</u>, 162 F. App'x 61, 62-63 (2d Cir. 2006).  Petitioner's motion is dated June 20, 2011, and I deem that to be the filing date.

ceeding; (iii) sanctioning respondents, pursuant to Fed.R.Civ.P.
37(c) and 37(b)(2), for failing to produce transcripts in viola-
tion of this Court's Order, dated March 30, 2007 (Docket Item 8);
and (iv) appointing pro bono counsel to assist petitioner,
pursuant to 28 U.S.C. Sections 1915(d) and (e) (Pet. Aff. ¶¶ 4-
5).  Petitioner asserts the following arguments in support of his
motion:

 (1) petitioner was prejudiced by respondents' failure
to comply with a Court Order directing them to submit
"[t]ranscripts of all relevant proceedings," and, without
the transcript from the Wade hearing, petitioner was denied
adequate appellate review  (Pet. Aff. ¶¶ 4-5, 47);

 (2) petitioner was prejudiced by the fact that at the
time his habeas petition was denied, he was still exhausting
his claims in state court (Pet. Aff. ¶ 7);

 (3) petitioner discovered, based on new evidence ob-
tained from the New York State Division of Criminal Justice
Services, that "his November 19, 1999 conviction was no
good" and, therefore, his sentence was impermissibly en-
hanced based on an improper predicate crime and his "plea
[was] no good" (Pet. Aff. at ¶¶ 19-24);

 (4) the April 9, 2003 transcript page 2, line 2 estab-
lishes that the most serious count in the indictment to

which petitioner pleaded was grand larceny in the third
degree, not grand larceny in the second degree and peti-
tioner was never arrested on the charges in the indictment
to which he pleaded guilty (Pet. Aff. at ¶¶ 36);

(5) petitioner "was denied counsel and[, therefore,
was] not able to show that he did exhaust" his claims and
that his trial and appellate counsel were ineffective (Pet.
Aff. at ¶¶ 6, 47).

Petitioner also submitted several letters to the Court
in which he repeats some of his arguments from his affirmation in
support of his motion and adds the following arguments:

(6) petitioner's counsel was ineffective (see Letter by
Petitioner to Hon. Richard J. Holwell, United States Dis-
trict Judge, dated July 19, 2011 (Docket Item 33)("July 19
Letter"));

(7) petitioner "did exhaust all issues" (July 19 Let-
ter);

(8) petitioner "is actually innocent of charges which
he was convicted" [sic] (Letter by Petitioner to Hon. Rich-
ard J. Holwell, United States District Judge, dated Aug. 10,
2011 ("Aug. 10 Letter") at 2, citing Aparicio v. Artuz, 269
F.3d 78, 90 (2d Cir. 2001));

13

(9) "[t]he indictment which petitioner [was] convicted on 1337-2002 was dismissed" (Aug. 10 Letter at 2);

(10) the Appellate Division erred when it construed a motion for leave to appeal as a motion to reargue (Letter by Petitioner to Hon. Richard J. Holwell, United States District Judge, dated Aug. 13, 2011 (Docket Item 34) at 2);

(11) "[p]etitioner has case law controlling decision [illegible] that this court over look [sic] . . . Jenkins v. Greene, 646 F. Supp. 2d 615, see People v. D'Alessandro, 889 Misc. 2d 536" (Letter by Petitioner to Hon. Richard J. Holwell, United States District Judge, dated Sept. 1, 2011 (Docket Item 35));

(12) "petitioner['s] speedy trial claims [were] exhausted and not waive[d]" (Letter by Petitioner to Hon. Richard J. Holwell, United States District Judge, dated Oct. 10, 2011 (Docket Item 38)).[8]

Although petitioner moved for appointment of counsel in his pending motion, petitioner also submitted a motion in the form of a letter renewing a previous motion (Docket Item 6) for appointment of counsel (Letter by Petitioner to the Undersigned,

_____

[8] Petitioner also submitted letters dated September 24, 2011 (Docket Item 36), September 27, 2011 (Docket Item 37), November 27, 2011 (Docket Item 41), and March 11, 2012 containing arguments which are cumulative of petitioner's other submissions.

14

dated Nov. 28, 2011 (Docket Item 42)("Motion to Renew Request for Appointment of Counsel")).  In his renewed motion, petitioner asserts many of the arguments he had previously raised in his habeas petition[9] (<u>see</u> Motion to Renew Request for Appointment of Counsel 1-6).

Respondents argue that petitioner's motion is untimely, and, to the extent it is intelligible, the motion papers simply repeat arguments asserted in his habeas petition (<u>see</u> Memorandum of Law in Opposition to Petitioner's Motion to Vacate, filed Dec. 13, 2011 (Docket Item 43)("Resp'ts' Memo.") at 2-4).

Petitioner submitted a reply brief (<u>see</u> Petitioner Reply Affidavit and Brief Also Letter With Memorandum of Law Supporting Motion to Vacate Denial of Writ of Habeas Corpus, filed Dec. 27, 2011 (Docket Item 47)("Pet. Reply")), a reply affirmation (<u>see</u> Affirmation, filed Dec. 29 2011 (Docket Item 51)("Pet. Reply Affirmation"), a reply affidavit (<u>see</u> W. Flemming Affidavit In Support of Brief, filed Dec. 30, 2011 (Docket Item

---

[9] For example, petitioner asserts claims concerning <u>Brady</u> and <u>Rosario</u> material, the purported dismissal of the indictments against him, failure of the prosecutor to turn over all police memo books and reports, and the untimely filing of the predicate felony statement required under New York Law.

49)("Pet. Reply Affidavit")), and letters dated December 23, 2011

(Docket Item 50) and February 13, 2012[10] (Docket Item 52).[11]

---

[10] This letter is inadvertently dated February 13, 2013.

[11] Petitioner, in his reply papers and subsequent letters to the Court, repeated many of the claims he asserted in his initial motion papers and asserted several claims for the first time. These claims, many of which were asserted by petitioner in his underlying habeas petition, include:  petitioner pleaded guilty before being advised of the possibility of enhanced sentencing pursuant to New York's recidivist statute (Pet. Reply 4); there were impermissible gaps in the information that the prosecution disclosed to petitioner in discovery, including police reports, memo books, and Brady and Rosario material (Pet. Reply 4, 16); the prosecution did not file a predicate felony statement before trial (Pet. Reply 10); the indictment was "facially deficient" because the prosecution sought multiple indictments on the same charges (Pet. Reply 14); "the charges against defendant were totally devoid of evidentiary support as to render his conviction unconstitutional" (Pet. Reply 15); the Trial Court ruling at the Wade and Mapp hearings denied petitioner due process of the law (Pet. Reply 15); petitioner should not have been denied a hearing on his habeas petition "merely because the allegations of his petition were contradicted by an answer filed by [a] prosecution att[orney]" (Pet. Reply 15); charging petitioner under multiple indictments was double jeopardy (Pet. Reply 17); the prosecution should not have been allowed to consolidate the indictments absent a motion to the Trial Court (Pet. Reply 17); and petitioner was never charged with, nor informed of any charges relating to, acting in concert (Pet. Reply 18).

To the extent petitioner raises claims for the first time in his reply papers, or in subsequent letters to the Court, I decline to consider those arguments.  See Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007) (Lynch, then D.J., now Cir. J.) ("[a]rguments first raised in reply memoranda are not properly considered [and] the same is true of arguments first raised by letter several months after reply memoranda and all other motion papers have been filed" (internal quotation marks and citations omitted).

III.  <u>Analysis</u>

  A. <u>Reconsideration</u>

    Petitioner seeks reconsideration, pursuant to
Fed.R.Civ.P. "59(2)" [<u>sic</u>],[12] of the District Court's order
dismissing his habeas petition.  I liberally construe plaintiff's
request for reconsideration as a motion to alter or amend the
judgment brought pursuant to Fed.R.Civ.P. 59(e) and a motion for
reconsideration brought under Local Civil Rule 6.3.  <u>See</u> <u>Flemming</u>
<u>v. City of N.Y.</u>, 09 Civ. 4115 (LAP), Order at 1-2 (S.D.N.Y. Oct.
13, 2011) (Docket Item 23) (Preska, D.J.), <u>citing</u> <u>Triestman v.</u>
<u>Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006).

    1. <u>Legal Principles</u>

    "The standards governing motions to alter or amend a
judgment under Rule 59(e) and motions for reconsideration or
reargument under Local Rule 6.3 are identical."  <u>Farez-Espinoza</u>
<u>v. Napolitano</u>, 08 Civ. 11060 (HB), 2009 WL 1118098 at *3
(S.D.N.Y. Apr. 27, 2009) (Baer, D.J.); <u>R.F.M.A.S., Inc. V. Mimi</u>
<u>So</u>, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (Marrero, D.J.).
Motions for reconsideration are appropriate only if "there has

---

   [12] Subsection (2) of Fed.R.Civ.P. 59 does not exist.

been an intervening change of controlling law," "new evidence has become available," or "there is a need to correct a clear error or prevent manifest injustice." <u>Virgin Airways v. Nat'l Media-tion Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992); <u>accord</u> <u>Tatum v. City of N.Y.</u>, 06 Civ. 4290 (BSJ)(GWG), 2009 WL 976840 at *1 (S.D.N.Y. Apr. 9, 2009) (Jones, D.J.); <u>In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.</u>, 06 Civ. 643 (GEL), 07 Civ. 8686 (GEL), 07 Civ. 8688 (GEL), 2008 WL 4962985 at *1 (S.D.N.Y. Nov. 20, 2008) (Lynch, then D.J., now Cir. J.); <u>U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.</u>, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (Conner, D.J.), <u>aff'd</u>, 241 F.3d 135 (2d Cir. 2001).

"Under Local Rule 6.3, a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" <u>EEOC v. Fed. Express Corp.</u>, 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003), <u>quoting</u> <u>Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.</u>, 768 F. Supp. 115, 116 (S.D.N.Y. 1991) (Leisure, D.J.). The proponent of a motion for reconsideration should not

> treat the court's initial decision as the opening of a dialogue in which that party may then use [Local Civil Rule 6.3] to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."

18

McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp., 727 F.
Supp. 833, 833 (S.D.N.Y. 1989) (Mukasey, D.J.), citing Lewis v.
New York Tel., 83 Civ. 7129 (RWS), 1986 WL 1441 at *1 (S.D.N.Y.
Jan. 29, 1986) (Sweet, D.J.); accord Caribbean Trading & Fid.
Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d
Cir. 1991); see also In re Refco Capital Mkts., Ltd. Brokerage
Customer Sec. Litig., supra, 2008 WL 4962985 at *1 ("A motion for
reconsideration is not an opportunity for a losing party to
advance new arguments to supplant those that failed in the prior
briefing of the issue."); In re Integrated Res. Real Estate Ltd.
P'ships Sec. Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1994)
(Sweet, D.J.), rev'd on other grounds, 967 F.2d 742 (2d Cir.
1992); Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y.
1994).

Likewise, a party may not use a motion for reconsidera-
tion "to reargue those issues already considered when [the] party
does not like the way the original motion was resolved." In re
Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (Sweet,
D.J.); see also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 270
(S.D.N.Y. 2007) (Conner, D.J.) ("[R]econsideration is . . .
narrowly construed and strictly applied so as to avoid repetitive
arguments."), quoting Ursa Minor Ltd. v. Aon Fin. Prods., Inc.,

00 Civ. 2474, 2000 WL 1279783 at *1 (S.D.N.Y. Sept. 8, 2000)

(Schwartz, D.J.).

      A party may be entitled to reconsideration or

reargument if he demonstrates that

> the Court has "overlooked controlling decisions or
> factual matters that were put before the Court on the
> underlying motion," <u>Davis v. The Gap, Inc.</u>, 186 F.R.D.
> 322, 323 (S.D.N.Y. 1999), and which, had they been
> considered, "might reasonably have altered the result
> before the court." <u>Consol. Gold Fields v. Anglo Am.
> Corp.</u>, 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989).

<u>Yurman Design Inc. v. Chaindom Enters., Inc.</u>, 99 Civ. 9307 (JFK),

2003 WL 22047849 at *1 (S.D.N.Y. Aug. 29, 2003) (Keenan, D.J.);

<u>accord</u> <u>In re Refco Capital Mkts., Ltd. Brokerage Customer Sec.

Litig.</u>, <u>supra</u>, 2008 WL 4962985 at *1; <u>Campbell v. Poole</u>,

04-CV-6261 (VEB), 2008 WL 2561998 at *1 (W.D.N.Y. June 26, 2008);

<u>Mahmud v. Kaufmann</u>, <u>supra</u>, 496 F. Supp. 2d at 269-70; <u>Minicone v.

United States</u>, 5:89-CR-173 (HGM), 2007 WL 2572119 at *1 (N.D.N.Y.

Aug. 31, 2007); <u>In re Biovail Corp. Sec. Litig.</u>, 247 F.R.D. 71,

71-72 (S.D.N.Y. 2007) (Owen, D.J.); <u>Hamad v. Nassau County Med.

Ctr.</u>, 191 F. Supp. 2d 286, 304 (E.D.N.Y. 2000); <u>see also</u> Local

Civil Rule 6.3 (notice of motion for reconsideration or

reargument "shall be served with . . . a memorandum setting forth

concisely the matters or controlling decisions which counsel

believes the court has overlooked").

2.   Application

Petitioner, in his motion and subsequent letters to the Court, has failed to demonstrate that the Court overlooked any controlling case law or factual matters with respect to his dismissed habeas petition.

Petitioner raises two arguments in favor of reconsideration.  First, petitioner argues that the respondents' "failure to comply with docket [item] 8[, because] they fail[ed] to produc[e] any of [petitioner's] Criminal Court transcripts to any proceedings" (Pet. Aff. ¶ 4(a)).  This argument cannot be considered on a motion for reconsideration because it was not previously advanced by petitioner.  See EEOC v. Fed. Express Corp., supra, 268 F. Supp. 2d at 199.  Additionally, petitioner waived this argument because he did not asserted it in his objections to the 2009 Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38-39 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."), citing IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993).

21

Second, petitioner argues that respondents' contention, in opposition to his habeas petition -- that petitioner did not exhaust his state application for a writ of error <u>coram nobis</u> -- is belied by an attached decision of the New York State Supreme Court, Appellate Division, First Department, dated October 21, 2008, which petitioner characterizes as a decision denying him leave to appeal the denial of his writ of error <u>coram nobis</u> (Pet. Aff. ¶¶ 4(b), 37-38). This argument is also waived because petitioner did not assert it in his objections. Moreover, this argument fails because the claim that was the subject of peti-tioner's writ of error <u>coram nobis</u> proceeding was denied in this Court on the merits, not on exhaustion grounds. <u>Flemming v. New York</u>, <u>supra</u>, 2009 WL 6325520 at *13 n.18 ("Because the claim fails on the merits, it is unnecessary to address respondents' alternative argument that Flemming's ineffective assistance of appellate counsel claim was not exhausted and should be deemed procedurally barred because Flemming failed to request leave to appeal from the Appellate Division's denial of his petition for a writ of error coram nobis (Resp'ts' Br. 32).").

Additionally, petitioner alleges to have discovered new evidence which supports his claims for a writ of habeas corpus (<u>see</u> Pet. Brief. 2). Plaintiff attaches a document from the New York State Division of Criminal Justice Services, Records Review

22

and Challenge Unit ("NYS DCJS"), dated April 8, 2010, which
purports to respond to a "challenge" lodged by petitioner, dated
February 1, 2010 (see Pet. Brief ¶¶ 19-22 and attached docu-
ments).[13]  Petitioner argues that this document establishes that
his "November 19, 1999 conviction was not good there was no
Att/CSCS-3 (PL110/220/39 no sub c felony . . . [t]his means
petitioner was [illegible] no predicate felony charge and plea no
good" (Pet. Brief ¶¶ 21-22).  Although it is not entirely clear,
I assume petitioner is claiming that his prior convictions were
not valid and that he was, therefore, improperly sentenced as a
recidivist under New York State law.  This argument also fails to
warrant reconsideration because it is a state law claim that is
not cognizable in a federal habeas proceeding.  As I held in the
2009 Report and Recommendation:

> If petitioner is arguing that his prior felonies do not
> qualify as predicate felonies under New York State law,
> he is raising a question of state law that is not
> cognizable in a federal habeas corpus proceeding. 28
> U.S.C. § 2254(a); Estelle v. McGuire, supra, 502 U.S.
> at 67-68 ("In conducting habeas review, a federal court
> is limited to deciding whether a conviction violated

---

[13] Petitioner claims that another document, a memorandum
from the Federal Emergency Management Agency Office of Inspector
General Investigations Unit, dated April 3, 2002, is also newly
discovered evidence (see Feb. 13, 2012 Letter and attached
documents).  However, this document was attached to a submission
made by petitioner which predates the 2009 Report and
Recommendation (see Letter by Petitioner, postmarked June 10,
2009.

> the Constitution, laws, or treaties of the United
> States."); <u>Howard v. Walker</u>, 406 F.3d 114, 121 (2d
> Cir.2005) (noting that a claim that a conviction was
> obtained in violation of state law is not cognizable in
> federal court).

<u>Flemming v. New York</u>, <u>supra</u>, 2009 WL 6325520 at *22.

Moreover, the document which petitioner contends supports his claim, simply does not state what petitioner alleges it does. On the contrary, the documents states that: "Our records indicate a conviction for **Att/CSCS-3 (PL 110/220.39 no sub C Felony)**. The charges **were not dismissed**. The conviction was **'in full satisfaction of'** the **remaining charges**" (<u>see</u> NYS DCJS Response to Challenge / Correspondence Dated 02-01-2010, annexed to Pet. Aff. (emphasis in original)).

Finally, I have reviewed the cases cited by petitioner and found none to contain controlling precedent which was over-looked in deciding petitioner's habeas petition; many of the cases cited are irrelevant or easily distinguishable, while others are clearly contrary to petitioner's arguments. Accordingly, to the extent petitioner's motion seeks reconsideration of the District Court's denial of his habeas petition, it should be denied.

B.   <u>Vacatur</u>

Petitioner also seeks an Order vacating the District Court's dismissal of his habeas petition, pursuant to Fed.R.Civ.P. 60(b)(2) and (b)(6).

1.   <u>Legal Principles</u>

The legal principles relating to Rule 60(b) motions were comprehensively set forth by the Honorable Victor E. Bianchini, United States District Judge for the Western District of New York, in <u>Van Gorder v. Allerd</u>, 01-CV-6538 (VEB), 2008 WL 822018 at *2-*3 (W.D.N.Y. Mar. 26, 2008):

> Under Rule 60(b), a court may grant relief from a final judgment for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ;
>
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

25

(6) any other reason justifying relief from the
operation of the judgment.

Fed. R. Civ. P. 60(b)(1-6).  Importantly, Rule
60(b) is not a vehicle for rearguing the merits of the
challenged decision.  <u>Fleming v. New York Univ.</u>, 865
F.2d 478, 484 (2d Cir. 1989) . . . .  Rather than
standing in for an ordinary appeal, Rule 60(b) provides
relief only in exceptional circumstances.  <u>Nemaizer v.
Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986) . . . .

The Supreme Court has recognized that Rule 60(b)
applies in habeas corpus cases and may be used to
reopen a habeas proceeding.  <u>See</u> <u>Gonzalez v. Crosby</u>,
545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480
(2005) (stating that "Rule 60(b) has an unquestionably
valid role to play in habeas cases" and giving exam-
ples).  However, "relief under Rule 60(b) is available
for a previous habeas proceeding only when the Rule
60(b) motion attacks the integrity of the previous
habeas proceeding rather than the underlying criminal
conviction." <u>Harris</u>, 367 F.3d at 77; <u>accord</u> <u>Gitten v.
United States</u>, 311 F.3d 529, 532 n.4 (2d Cir. 2002). .
. .

When presented with a Rule 60(b) motion that
merely asserts or reasserts claims of error in the
movant's underlying conviction or sentence, a district
court has two procedural options: "(i) the court may
treat the Rule 60(b) motion as 'a second or successive'
habeas petition, in which case it should be transferred
to [the Court of Appeals] for possible certification,
or (ii) the court may simply deny the portion of the
motion attacking the underlying conviction 'as beyond
the scope of Rule 60(b).'" <u>Harris v. United States</u>,
367 F.3d at 82 (2d Cir. 2004) (quoting <u>Gitten v. United
States</u>, 311 F.3d at 534); <u>accord</u>, <u>e</u>.<u>g</u>., <u>Yuzarry v.
United States</u>, Nos. 04 Civ. 2809(RPP), 96 Cr. 967(RPP),
2007 WL 4276864, at *4 (S.D.N.Y. Nov. 30, 2007)).

<u>See</u> <u>also</u> <u>Jackson v. Phillips</u>, 03 Civ. 6987 (DLC), 2011 WL 6412126

at *2 (S.D.N.Y. Dec. 21, 2011) (Cote, D.J.); <u>Warren v. Napoli</u>, 05

Civ. 8438 (CM)(KNF), 2010 WL 3033615 at *4-*5 (S.D.N.Y. Aug. 2,

2010) (K. Fox, M.J.) (Report and Recommendation).

> A motion brought under Rule 60(b) must be made "within
> a reasonable time," and motions brought under Rule
> 60(b)(1), (2), or (3) must be made within one year
> after the entry of the judgment.  See Fed.R.Civ.P.
> 60(c)(1).  A petitioner seeking relief under Rule
> 60(b)(6) must demonstrate "'extraordinary
> circumstances' justifying the reopening of a final
> judgment," which will "rarely occur in the habeas
> context."  Gonzalez v. Crosby, 545 U.S. 524, 535
> (2005).

Lora v. West, 04 Civ. 1902 (RJH)(GWG), 2010 WL 1541339 at *2

(S.D.N.Y. Apr. 16, 2010) (Gorenstein, M.J.) (Report and Recommen-

dation).


        2.  Application


        To the extent petitioner seeks relief under Rule

60(b)(2), the "newly discovered evidence" ground in Rule 60(b),

his motion is untimely.  The judgment denying petitioner's habeas

petition was entered on April 2, 2010 (Docket Item 27).  The

earliest date on which petitioner's motion can be deemed filed is

June 20, 2011.[14]  Thus, it is untimely by more than two months.

Fed.R.Civ.P. 60(c)(1); Brown v. Combs, 241 F. App'x 761, 762 (2d

Cir. 2007) ("The one-year limitations period for Rule 60(b)

motions is 'absolute.'"), citing Warren v. Garvin, 219 F.3d 111,

---

        [14] See supra footnote 7.

27

114 (2d Cir. 2000)).  Additionally, because of the deficiency
mentioned above, petitioner's new evidence from the NYS DCJS does
not merit any relief.

          To the extent petitioner seeks relief under Rule
60(b)(6), the catch-all provision of Rule 60(b), his motion
should also be denied.  Assuming without deciding that the motion
was brought "within a reasonable time," petitioner's motion fails
because he does not allege any facts demonstrating that extraor-
dinary circumstances exist to warrant relief.  See Gonzalez v.
Crosby, supra, 545 U.S. 524, 536 (2005); Old Republic Ins. Co. v.
Pac. Fin. Servs. of Am. Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per
curium).  "In order to show 'extraordinary circumstances,'
[petitioner] first would have to prove that the 'extraordinary
circumstances' present in his case destroyed the integrity of the
habeas proceeding rather than the underlying judgment."  Panton
v. United States, 98 Civ. 1881 (LAP), 2010 WL 5422293 at *7
(S.D.N.Y. Dec. 23, 2010) (Preska, D.J.); see also Brown v. Combs,
supra, 241 F. App'x at 762 ("[H]is claim that the nature, scope,
and ramification of his allegedly newly discovered evidence
constituted extraordinary circumstances under Rule 60(b)(6) may
not be used to circumvent the one-year time limit [under
60(b)(2)]." (internal quotation marks omitted)).  Petitioner
merely states the legal conclusion that "[p]etition[er] has shown

extraordinary circumstances that will warrant relief" ((Pet. Aff. ¶ 42).  That is plainly insufficient.

While petitioner does allege, first in his Aug. 10 Letter (at 2), then in his Reply (at 9), that he is actually innocent, he offers no new evidence to substantiate his claim. Considering petitioner's guilty plea, his claim of actual innocence at this stage appears to be nothing more than a desperate attempt to prolong the proceedings in this case.  In addition, petitioner's claim of actual innocence is foreclosed by his failure to raise it as an objection to the 2009 Report and Recommendation.  See Rivette v. Smith, 9:06-cv-01039 (JKS), 2008 WL 5000059 at *3 (N.D.N.Y. Nov. 20, 2008) (finding that although actual innocence alleged, "Rule 60(b)(6) is not to be used as substitute for appeal, and relief under it may only be granted when 'exceptional' or 'extraordinary' circumstances exist" (footnote omitted)).

Alternatively, to the extent petitioner's motion to vacate pursuant to Rule 60(b) seeks to relitigate claims previously asserted in his habeas petition, such claims are inappropriately raised in a Rule 60(b) motion.  See Liu v. Kinokuniya Co., 161 F. App'x 119, 119 (2d Cir. 2005) ("Rule 60(b) motion is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits."), citing Nemaizer v.

Baker, supra, 793 F.2d at 61; Bennett v. Watson Wyatt & Co., 156
F. Supp. 2d 270, 273 (S.D.N.Y. 2001) (Scheindlin, D.J.);   see
also Jackson v. Phillips, 03 Civ. 6987 (DLC), 2008 WL 821831 at
*1 (S.D.N.Y. Mar. 27, 2008) (Cote, D.J.) ("When faced with a Rule
60(b) motion that attacks a movant's underlying conviction and
not the integrity of the federal habeas proceeding, a district
court may deny the motion as beyond the scope of Rule 60(b).").

        To the extent plaintiff asserts new claims attacking
the integrity of his habeas proceeding,[15] plaintiff is foreclosed
from raising those claims because he failed to object to the 2009
Report and Recommendation on those grounds.   See Thomas v. Arn,
supra, 474 U.S. 140; Andreozzi v. Civigenics, 99 F. App'x 177,
178-79 (10th Cir. 2004) (finding that plaintiff waived appellate
review by failing to object to magistrate's recommendations and
that "district court did not abuse its discretion in denying the
Rule 60(b)(1) motion on this point"); Dixon v. Moore, 3:04-cv-
00308, 2010 WL 2303269 at *1 (S.D. Ohio May 21, 2010) (denying

---

        [15] Without reaching the merits of these claims, the claims
petitioner asserts which could be fairly construed as attacking
the integrity of the habeas proceeding include petitioner's
claims that (a) he was prejudiced by the respondents' failure to
produce his criminal court transcripts (Pet. Aff. ¶ 5), (b) he
was prejudiced by the Court's decision denying appointment of pro
bono counsel (Pet. Aff. ¶ 6), and (c) he was prejudiced by the
fact that at the time his habeas petition was denied, he was
still exhausting his claims in state court (Pet. Aff. ¶ 7).

Rule 60(b) motion because specific grounds raised on motion were
not previously raised in objections); <u>Newell v. Estes</u>, No.
06-12668, 2010 WL 420026 at *1 (E.D. Mich. Jan. 28, 2010) (as
plaintiff offered no explanation for failure to raise legal
arguments in a proper objection to Report and Recommendation,
"failure to object precludes him from obtaining relief under Rule
60(b)").

     Accordingly, petitioner's motion to vacate the District
Court's denial of his habeas petition, pursuant to Fed.R.Civ.P.
60(b), should be denied.  To the extent petitioner's motion seeks
sanctions against respondents, pursuant to Fed.R.Civ.P. 37 and
its subparts, his motion should also denied.  Petitioner has
waived any relief he may seek for prejudice caused by respon-
dents' alleged failure to comply with a court order by not
objecting to the 2009 Report and Recommendation on that ground.

    C.   Renewed Request for
        <u>Appointment of Counsel</u>

     Petitioner's renewed request for appointment of counsel
(<u>see</u> Pet. Aff. ¶ 6; Motion to Renew Request for Appointment of
Counsel) should also denied.  Because petitioner's claims have
been dismissed by Judge Holwell in his April 1, 2010 Order, and
affirmed on direct appeal, he cannot succeed on the merits of his

claims.  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.

1989).

IV.  Conclusion

     Accordingly, for all the foregoing reasons, I respect-

fully recommend that all of petitioner's motions (Docket Items 31

and 42) be denied.

     In addition, because petitioner has not made a substan-

tial showing of the denial of a constitutional right, I also

recommend that a certificate of appealability not be issued. 28

U.S.C. § 2253.  To warrant the issuance of a certificate of

appealability, "petitioner must show that reasonable jurists

could debate whether . . . the petition should have been resolved

in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." Middleton v.

Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam)

(internal quotation marks omitted); see also Love v. McCray, 413

F.3d 192, 195 (2d Cir. 2005) (per curiam).  The requirements

under 28 U.S.C. § 2253 have been found to apply to Fed.R.Civ.P.

59(e) and 60(b) motions seeking relief from a judgment dismissing

a habeas petition.  Jackson v. Albany Appeal Bureau Unit, 442

F.3d 51, 53 (2d Cir. 2006).  For the reasons set forth above, I

conclude that there would be no difference of opinion among

reasonable jurists that petitioner's federal rights were not violated.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a) and 6(e).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Loretta A. Preska, United States District Judge, 500 Pearl Street, Room 2220, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Chief Judge Preska.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997);

33

<u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
       March 23, 2012

                                   Respectfully submitted,

                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies mailed to:

Mr. Woodrow Flemming
D.I.N. 03-A-5259
Upstate Correctional Facility
P.O. Box 2001
Malone, New York  12953

Jodi A. Danzig, Esq.
Assistant Attorney General of
  the State of New York
120 Broadway
New York, New York  10217

34