USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

WOODROW FLEMMING,        :

              Petitioner,   :   06 Civ. 15226 (LAP)(HBP)

  -against-          :   OPINION
                              AND ORDER

STATE OF NEW YORK, et al.,   :

             Respondents.   :

------------------------------------X

       PITMAN, United States Magistrate Judge:

       By an application dated August 11, 2013 (Docket Item 84), petitioner seeks the appointment of counsel. For the reasons set forth below the application is denied.

       Petitioner commenced this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At least where no evidentiary hearing is required, it is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such proceedings is a matter of discretion. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986); Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001). Accordingly, peti-

tioner's application should be analyzed in the same manner as any other application for counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of [petitioner's] case, the [petitioner's] ability to pay for private counsel, [petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). In the words of the Court of Appeals for the Second Circuit:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. Accord Odom v. Sielaff, supra, at 1. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.").

2

On August 10, 2009, I issued a 66-page report and recommendation explaining why the petition lacked merit. That report and recommendation was adopted by the Honorable Richard J. Holwell, United States District Judge, on April 1, 2010, and the action was closed. Petitioner appealed from that Order, and the Court of Appeals for the Second Circuit dismissed his appeal on February 14, 2011.

On June 20, 2011, petitioner moved to vacate the Order dismissing his petition. I issued a 34-page report and recommendation on March 23, 2012, concluding that the motion was without merit and recommending that it be denied. Petitioner's objections to that report and recommendation are currently pending before the Honorable Loretta A. Preska, United States District Judge.

In my two reports and recommendations, I explained at length why petitioner's claims lacked merit; no purpose would be served be repeating those analyses here. The current motion does not offer any explanation or argument as to why my prior decisions were incorrect.

For the reasons previously stated in my reports and recommendations, I conclude that petitioner's claims lack merit.

His application for the appointment of counsel is, therefore, denied.

Dated:  New York, New York
        September 5, 2013

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Woodrow Flemming
DIN 03-A-5259
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, New York 12953

Jodi A. Danzig, Esq.
Assistant Attorney General
State of New York
120 Broadway, New York  10217

4