UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

WOODROW FLEMMING,

                    Petitioner,

          -against-

STATE OF NEW YORK and
SUPERINTENDENT R. WOODS,

                    Respondents.

------------------------------------------

06 Civ. 15226 (LAP)(HBP)

ORDER ADOPTING REPORT
  AND RECOMENDATION

```
+-----------------------------+
| USDC SDNY                   |
| DOCUMENT                    |
| ELECTRONICALLY FILED        |
| DOC #: _____     |
| DATE FILED: 9-10-13         |
+-----------------------------+
```

Loretta A. Preska, Chief United States District Judge:

     On June 20, 2011, Woodrow Flemming ("Flemming") moved,

pursuant to Federal Rules of Civil Procedure 60(b)(2), 60(b)(6),

"59(2)," 37, 37(a), 37(b)(2), and Title 28, United States Code

Sections 1915(d) and (e), to vacate or reconsider this Court's

denial of his prior habeas petition, to sanction Respondents,

and to appoint pro bono counsel (the "Motions").  (Petitioner

Affirmation in Support or Motions ("Pet. Aff.") [dkt. no. 31] at

2-3.)  Magistrate Judge Henry B. Pitman issued a Report and

Recommendation (the "Report") on March 23, 2012, in which he

recommended that the Motions be denied.  [Dkt. no. 54 at 32.]

Judge Pitman also recommended that this Court deny the issuance

of certificate of appealability pursuant to 28 U.S.C. § 2253 and

a certification pursuant to 28 U.S.C. § 1915 (a)(3).  (Report at

32-33.)  The parties were given fourteen days to file any

objections.  Petitioner's objections to the Report were filed on April 19, 2012.  ("Pet. Objections").

Report and Recommendation

Flemming filed the Motions on June 20, 2011, seeking an Order vacating or reconsidering the judgment denying his petition for a writ of habeas corpus, sanctioning Respondents, and appointing pro bono counsel.  Specifically, Flemming argues that this Court should:  (i) vacate the judgment denying his petition for a writ of habeas corpus pursuant to Fed. R. Civ. P. 60(b)(2) based on the discovery of new evidence, and Fed. R. Civ. P. 60(b)(6) based on a showing of extraordinary circumstances; (ii) reconsider the Court's April 1, 2010 Order dismissing his habeas petition pursuant to Fed. R. Civ. P. "59(2)" [sic] based on Respondents' purported failure to produce "[c]riminal [c]ourt transcripts" and Respondents' assertions regarding Petitioner's failure to exhaust the denial of a writ of error coram nobis proceeding; (iii) sanction respondents, pursuant to Fed. R. Civ. P. 37(c) and 37(b)(2) for failing to produce transcripts in violation of this Court's Order, dated March 30, 2007; and, (iv) appoint pro bono counsel to assist petitioner, pursuant to 28 U.S.C. §1915(d) and (e).  (Pet. Aff. ¶¶ 2-6; Report at 11-12.)  Petitioner also submitted additional

2

letters, some of which sought additional relief as summarized in the Report. (Report at 13-14.)

With respect to Petitioner's motion to vacate, a timely motion under 60(b)(2) or (6) may be brought when there is "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); (Report at 25-26). As explained in the Report, Petitioner's claims under Rule 60(b)(2) are untimely by more than two months pursuant to Rule 60(b)'s one-year limitations period. (Report at 27.) Furthermore, to the extent that Petitioner seeks relief under Rule 60(b)(6), Petitioner does not allege any facts demonstrating extraordinary circumstances. (Report at 18); see Gonzalez v. Crosby, 545 U.S. 524, 536 (2005). Rather, Petitioner merely provides the conclusory assertion that "[p]etitioner has shown extraordinary circumstances that will warrant relief." (Pet. Aff. ¶ 42; Report at 28-29.)

With respect to Petitioner's motion for reconsideration, a party may be entitled to reconsideration or reargument if the party demonstrates that "the Court has overlooked controlling decisions or factual matters that were put before the Court on the underlying motion . . . and which, had they been considered, might reasonably have altered the result before the court."

3

Yurman Design Inc. v. Chaindom Enters., Inc., 99 Civ. 9307
(JFK), 2003 WL 22047849, at *1 (S.D.N.Y. Aug. 29, 2003) (citing
Davis v. The Gap, Inc., 186 F.R.D. 322, 323 (S.D.N.Y 1999) and
Consol. Gold Fields v. Anglo Am. Corp., 713 F. Supp. 1457, 1476
(S.D.N.Y. 1989)) (internal quotation marks omitted); (Report at
20.)   Here, as the Report explains, Petitioner has failed to
demonstrate that the Court overlooked any controlling case law
or factual matters with respect to his dismissed habeas
petition.   (Report at 21; see also Report at 21-24.)

     To the extent Petitioner seeks sanctions against
Respondents pursuant to Rule 37, the Report recommends that the
motion be denied.   Petitioner failed to object on this ground to
the 2009 Report and Recommendation recommending dismissal of his
habeas petition and adopted in full by Judge Holwell, and has
thus waived this argument.   (Report at 31.)

     The Report recommends that Petitioner's renewed request for
pro bono counsel be denied.   Petitioner's claims were dismissed
and affirmed on appeal, and he cannot succeed on the merits on
these claims.   Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d
Cir. 1989); (Report at 31-32.)

     The Report further recommends that this Court should not
issue a certificate of appealability pursuant to 28 U.S.C.
§ 2253 because Petitioner has not made a substantial showing
that a constitutional right was denied (Report at 32-33) and

should not should not issue certification pursuant to 28 U.S.C.
§ 1915(a)(3) because any such appeal would not be taken in good
faith (Report at 33).


Objections

        Flemming's objections to Judge Pitman's Report include
thirty-five numbered objections.  First, Flemming objects to the
Report's recommendation to deny his motion for reconsideration.
To advance this argument, Petitioner claims that (i) he did not
raise two arguments in support of reconsideration (Pet.
Objections at 7); (ii) that certain arguments may not be waived
(id. at 8); (iii) that the petition contains both exhausted and
unexhausted claims and Petitioner has satisfied the exhaustion
requirement (id. at 8, 9); that he was illegally or improperly
charged under the recidivist statute (id. at 10-11, 14, 15);
that the Court "applied an unrealistically rigid rule of law"
(id. at 12); that his guilty plea may have been involuntary (id.
at 12); that Petitioner was prejudiced because of Respondents'
failure to produce transcripts (id. at 13); that purported
discrepancies noted by Petitioner between the indicted charge
and the pleaded charge render the plea void (id. at 13); and
that Petitioner was not afforded sufficient opportunity to be
heard (id. at 13-14, 15).

Second, Flemming objects to the Report's recommendation that the motion to vacate be denied.  In support of this objection, Petitioner argues that (i) he was prejudiced by failing to receive transcripts; (ii) his counsel was inadequate; (iii) he was denied opportunity to be heard.  (Id. at 16.)

Third, Petitioner argues that his motion for appointment of pro bono counsel should not be denied because "it was evident from the outset that petitioner lacked the fundamental skills to 'intelligibly' (and legibly) present his claims . . . ."  (Id. at 4.)  Citing Judge Pitman's observation that Petitioner's claims at times were unintelligible, Petitioner argues that this provides "a reasonable basis for recommending that counsel be appointed" (id. at 5) because appointment of counsel might "reasonably have altered" the Court's determination.  (Id. at 6.)

Petitioner's objections raise no new issues that were not properly addressed in Judge Pitman's Report.  In any event, each objection lacks merit, and accordingly, the objections are rejected.

Conclusion

Having considered the objections to Judge Pitman's Report and finding the Report to be well-reasoned and thoroughly grounded in the law, it is hereby ORDERED that the Report is ADOPTED in its entirety and Flemming's motions [dkt. no. 31] are DENIED. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: New York, New York
       September 10, 2013

_____
UNITED STATES DISTRICT JUDGE